AlviN Hawkins, J.,
delivered tire opinion of tbe Court.
It appears from tbe record in this cause, that, on or about tbe 30th of October, 1861, Mary A. Traynor, as executrix of her deceased husband, recovered a judgment against ¥m. J. Campbell, and P. J. B. Edwards, before a justice of the peace for Bradley county, for about the sum of $229.82 and costs; upon which a ft. fa. was issued and came to the hands of ' camplainant as sheriff of said county, who by virtue thereof, collected the full amount of the judgment about the 29th day of February, 1862.
Afterwards, on the 3d day of May, 1866, the plaintiff in the execution caused a notice to > be served upon the complainant, notifying him that, on the 10th day of May, 1866, she would move the Circuit Court of Bradley county, for a judgment against him and his sureties as sheriff, upon the ground that he had failed to pay over the money so collected by him.
Thereupon, the complainant filed this bill to enjoin the further prosecution of said motion.
The complainant alleges, that, on the day he collected the money, he paid the same over to John F. Bogers, who was the son-in-law and agent of the plaintiff in the execution, and attended to her business for her; and that he knows of no means by which he *635 can prove tire payment of the money, except by the oaths of Mrs. Traynor and her son-in-law, Rogers, who he charges have combined against him for the purpose of dcfraunding him.
Mrs. Traynor and Rogers, are both made defendants, and required to answer under oath.
Rogers in his answer, positively denies that complainant ever paid him any portion of the money collected upon said execution.
Mrs. Traynor, in her answer, swears she has never received any portion thereof from any one; and says that if Rogers ever collected the same, or any portion thereof, she never heard of it, and that she does not believe the allegation is true. They both admit the agency of Rogers, as charged.
At the August Term, 1867, of the Chancery Court at Cleveland, the cause coming on to be heard, the Chancellor directed that an issue of fact be made up, to ascertain whether the complainant had collected and paid over the money mentioned in the pleadings, to Mrs. Traynor or to Rogers, as her agent, and that the same be tried by a jury. Thereupon, a jury was empaneled to try the issue, when, failing to agree, were discharged, and the cause continued.
At the next term of the Court, the cause came on again to be heard, when another jury was empaneled “to try the issue joined between the parties, by order of the Court at the last term.”
The jury found, by their verdict, that the complainant had paid the money collected by him on the exe *636 cution to Mrs. Traynor, or to Rogers, as her agent, as alleged in the bill.
Thereupon, the Chancellor decreed that said motion be perpetually enjoined, and that defendants pay the costs.
The defendants applied to the Chancellor to set aside the verdict and grant a new trial, which Avas refused. To reverse the decree of the Chancellor, the defendants have appealed to this Court.
We think the decree of the Chancellor clearly erroneous.
The bill alleges the payment of the money to Rogers.
This allegation is positively denied by Rogers in his answer. Mrs. Traynor says she never received the money, and has no knoAvledge of Rogers’ ha\Ting received it, and does not believe that he had done so.
The proof shows that complainant Avas regarded as a prompt officer, and after he had collected the money, about dark on the same day, he left the office of Mr. Gaut, in the town of Cleveland, in which both the defendants lived, with the money in his hand, saying he Avas going to pay it over to Mrs. Traynor.
The proof also shoAvs that Mrs. Traynor was vigilant in her attention to doubtful debts.
The bill alleges, and the ansAvers admit, that Mrs. Traynor had made no application to complainant for the money, until about the Fall of 1865, or during the Winter following; but the respondents, by Avay of explanation, say, their failure to call on complainant *637 sooner for the money, was owing to the condition of the country and of the currency.
This is substantially all the evidence upon which complainant relies to overturn the answer of the defendants, and to sustain the allegations of the bill.
Ve cannot say there is no evidence to support the verdict of the jury; but it certainly falls far short of fulfilling the requirements of the rule, that, to overthrow an answer responsive to the bill, the allegation in the bill must be supported by the evidence of two witnesses, or what is equivalent thereto, one witness with corroborating circumstances.
The issue of fact was made up and submitted to a jury under the direction of the Chancellor, upon his own motion, and not upon the application of either party.
"Without expressing any opinion as to the effect of a verdict, in case an issue be made up and submitted to a jury upon the application of either party, as provided for in the Code, we are satisfied that, in cases like this, we must- treat the case as though the facts had been found by the Chancellor without the aid of a jury. ,
The action of the jury was only advisory, and designed merely to assist the Chancellor in finding the facts. And, although questions do arise touching which verdicts of juries in a Chancery Court are entitled to much weight, yet in cases like the present, he is not in any manner bound by their verdict. He has the right, and in this case it was clearly his duty to have disregarded the verdict, and to have found the facts *638 contrary thereto, for the reason the same was not authorized by the rules governing courts of Chancery. Glass vs. Mason and Wife, 4 Sneed, 508; Orgain vs. Ramsey, 3 Hum., 580; Timmons vs. Garrison, 4 Hum., 148.
In the latter case, the Court held that “the finding of an issue of fact in Chancery, is not as obligatory upon the Court, as is the finding of a verdict upon as issue at common law, but still, it has much weight, and will be sustained, unless it appears satisfactorily to be unsupported by proof.”
But this rule must be understood in a limited or qualified sense, and as being applicable in its greatest force, to issues depending upon such questions as the credibility to be given to witnesses, etc.
But there is no such question in this casé, and the verdict of the jury is not supported by the evidence.
The decree of the Chancellor must be reversed, and a decree entered in favor of the respondent, Mary A. Traynor, Executrix, etc., against the complainant and his sureties in the injunction bond, for the amount of money collected on the execution, with damages and costs.